Mary MARKELL, Appellant,

v.

Les PIKULA and Terry Nash, Appellees.

No. 87–5337.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1988.

Decided March 15, 1988.

Steve G. Heikens, Minneapolis, Minn., for appellant.

Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, ARNOLD, and FAGG, Circuit Judges.

PER CURIAM.

Mary Markell appeals the district court's grant of summary judgment against her on her state law tort claim for intentional infliction of emotional distress. Markell, a United States Postal Service clerk, claimed her immediate supervisors, Les Pikula and Terry Nash, engaged in a pattern of conduct that resulted in her extreme emotional distress.

Relying on *Poolman v. Nelson*, 802 F.2d 304 (8th Cir.1986), the district court held Pikula and Nash were entitled to absolute immunity because the conduct complained of was "within the outer perimeter of [their] line of duty." *See id.* at 308 (footnote omitted). While this appeal was pending, the United States Supreme Court resolved a conflict among the circuit courts

---

of appeals on the issue of whether federal officials are absolutely immune from state law tort liability "for conduct within the scope of their employment without regard to whether the challenged conduct was discretionary in nature." *Westfall v. Erwin,* — U.S. ——, 108 S.Ct. 580, 582, 98 L.Ed. 2d 619 (1988). The Court held absolute immunity is available only when the official's conduct "is within the scope of * * * official duties *and* the conduct is discretionary in nature." *Id.,* 108 S.Ct. at 584 (footnote omitted) (emphasis in original).

Because the district court had no reason under *Poolman* to consider whether the supervisors' conduct was discretionary, *see Poolman,* 802 F.2d at 308, we are compelled to remand this case to the district court for reconsideration in light of *Westfall.* Accordingly, we set aside the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.